# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM FRANCISCO COUNTS,
    Plaintiff,

v.                                        Case No. 13-CV-0518

WILLIAM POLLARD,
JESSE SCHNEIDER,
BRIAN GREFF,
SHANE WALLER,
MATTHEW BURNS,
JEFF D. GILL,
JEREMY L. STANIC, and
JUSTEN S. KITZMAN,
    Defendants,

## DECISION AND ORDER

Plaintiff, William Francisco Counts, is a prisoner proceeding pro se on Eighth Amendment claims under 42 U.S.C. § 1983. I entered a Scheduling Order on March 21, 2014, with a discovery deadline of July 31, 2014, and a dispositive motion deadline of August 29, 2014. On August 8, 2014, after the close of discovery, plaintiff filed a motion to appoint counsel and a motion for order compelling discovery and admissions. On August 19, 2014, plaintiff filed a motion for extension of time to reopen discovery and additional interrogatories. Defendants filed a motion for summary judgment on August 28, 2014, plaintiff filed a timely response, and defendants submitted their reply.

**A. Plaintiff's Motion for Appointment of Counsel (Docket #18)**

In his motion for appointment of counsel, plaintiff argues that he is unable to afford counsel, that his imprisonment will greatly limit his ability to litigate, that the issues in this case are complex and will require significant research and investigation, that he has limited

access to the law library and a limited knowledge of the law, that he suffers from a mental illness, and that a trial in this case will likely involve conflicting testimony and counsel would better enable plaintiff to present evidence and cross examine witnesses.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If plaintiff makes a reasonable attempt to secure counsel, I must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff has presented no evidence that he made a reasonable attempt to secure private counsel in his own. As a result, I must deny his motion for appointment of counsel without prejudice. Even if plaintiff had satisfied the threshold requirement, I would conclude that plaintiff is competent to litigate this case. He has presented coherent motions to the court and demonstrated his ability to serve discovery requests. He also filed a comprehensive response to defendants' motion for summary judgment that includes a brief, a statement of disputed facts, a statement of stipulated facts, a response to defendants' proposed findings of fact, exhibits, and a sworn declaration.

**B. Plaintiff's Motion for Order Compelling Discovery and Admissions (Docket #19)**

In his motion for order compelling discovery and admissions, plaintiff sought to have defendants respond fully to discovery requests he served via electronic filing on July 28, 2014, just three days before the discovery deadline. Defendants are correct in their interpretation of the scheduling order, which provides that "All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than Thursday, July 31, 2014. Since a party has 30 days to respond to discovery requests, they must be filed at least 30 days before the discovery deadline.

Plaintiff nevertheless argues that the information he seeks, particularly a video from a hand-held camera, is something he did not know about earlier and is crucial to his case. However, in response, defendants have submitted a sworn declaration that no such video footage exists.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences."

Plaintiff's motion contains no such certification and must be denied on those grounds alone. Additionally, the evidence submitted indicates that no video footage of the

incident exists so requiring defendants to respond to plaintiff's untimely discovery requests would be futile.

C. **Plaintiff's Motion for Extension of Deadline to Reopen Discovery and Additional Interrogatories (Docket #24)**

On August 19, 2014, plaintiff filed a motion for extension of deadline to reopen discovery so plaintiff can submit additional interrogatories. However, plaintiff's arguments in support of this motion are legal arguments regarding the merits of his claims. He cites investigative reporting that suggests a larger problem with the Health and Segregation Complex at Waupun Correctional Institution, but he does not indicate why that is good cause for me to reopen discovery or why his failure to ask for additional time for discovery before the deadline was excusable neglect. See Fed. R. Civ. P. 6(b).

Plaintiff's claims relate to a cell extraction where he submits that some defendants used excessive force and others failed to intervene or failed to provide plaintiff with medical care. Plaintiff had an opportunity to conduct discovery and has filed a comprehensive response to defendants' motion for summary judgment, which is now fully briefed. I will deny plaintiff's motion to reopen discovery, and I will issue a separate order regarding defendants' motion for summary judgment.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel (Docket #18) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order compelling discovery and admissions (Docket #19) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to reopen discovery (Docket #24) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2015.

                                                            s/ Lynn Adelman
                                                            _____
                                                            LYNN ADELMAN
                                                            District Judge